UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MAURICE HUGHES,**

    **Plaintiff,**

    v.

                              Civil Action 2:11-cv-632
                              Judge George C. Smith
                              Magistrate Judge E.A. Preston Deavers

**MIAMI JACOBS CAREER COLLEGE,** *et al.*,

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Maurice Hughes, brings this action against Miami Jacobs Career College ("Miami Jacobs") and several of its employees (collectively "Defendants"), alleging that they wrongfully denied him admission after leading him to believe that he had been admitted. This matter is before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction.

**I.**

According to Plaintiff's Complaint, in June 2011, he contacted Defendants and indicated that he was relocating to Ohio. On July 5, 2011, Plaintiff went to Miami Jacobs, took a

placement test for the paralegal program, and scored a 20%.  Defendants require a minimum score of 15% to enter the program.  Plaintiff alleges that Defendants led him to believe that he was "on [his] way to continuing [his] life building process." (Compl. ¶ 3, ECF No. 1-2.) Plaintiff explains that on the same day he took the placement tests, Defendants processed his financial aid forms; issued him a student ID, school key card, and bus pass; and sent him a welcome packet.  Then, four days later, on July 9, 2011, Defendant Mike Thur, an adviser at Miami Jacobs, called Plaintiff and told him that he may not be able to attend Miami Jacobs.  On July 11, 2011, Plaintiff visited Miami Jacobs and met with Defendants Joanie Krein and Keri Scheidrer, Miami Jacobs' admissions employees, and Defendant Thur.  These Defendants told Plaintiff that they were only looking out for "the best interest of the student" and that they wanted Plaintiff "to be able to find employment in [his] field of study." (*Id*. at ¶ 7.)  On July 13, 2011, Plaintiff requested and obtained a letter from Defendants denying him admission to Miami Jacobs.  Plaintiff represents that he is "crushed and confused why" Defendants denied him admission. (*Id*. at ¶ 10.)  He speculates that Defendants used "discriminatory tactics." (*Id*. at ¶ 7)   He alleges that Defendants' conduct has caused him extreme emotional distress, including "sleepless nights, vomiting, pain and suffering, cruel and unusual punishment . . . depression, anxiety, [and] post traumatic stress disorder . . . ." (*Id*. at Section V.)  In addition, he alleges that he spent his entire savings to move so that he could continue his education at Miami Jacobs in reliance on Defendants' representations. (*Id*.)  He seeks damages in the amount of $2.5 million.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. In the instant case, *sua sponte* dismissal is recommended because Plaintiff's Complaint fails to state a claim upon which relief may be granted over which this Court has subject matter jurisdiction.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Rule 8(a) provides as follows:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:

---

[1]Formerly 28 U.S.C. § 1915(d).

>    (1)   *a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support*;
>
>    (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>    (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the plaintiff, accept all of his or her factual allegations as true, and make reasonable inferences in favor of him or her. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 129 S.Ct. at 1949.

**III.**

Plaintiff's Complaint does not satisfy Rule 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the Constitution. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the instant case, Plaintiff cannot invoke diversity jurisdiction because he indicates on his Civil Cover Sheet that both he and Defendants are citizens of Ohio. (ECF No. 1-1.) Nor does this Court have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff appears to plead only state-law emotional distress and promissory estoppel claims.

To the extent Plaintiff seeks to bring an Americans with Disabilities Act ("ADA") or a Rehabilitation Act claim,[2] his Complaint is lacking. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a

---

[2]On Plaintiff's Civil Cover Sheet, under "Nature of Suit," he checked the box labeled "Amer. w/Disabilities - Other." (ECF No. 1-1.)

disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Thus, to state a claim under Title II of the ADA or Section 504 of the Rehabilitation Act, Plaintiff must allege that (1) he is an individual with a disability; (2) he was either excluded from participation in or denied the benefits of the public entity's (or entity that receives Federal financial assistance) services, programs or activities or was otherwise discriminated against; and (3) such exclusion, denial of benefits or discrimination was by reason of his disability. *See* 42 U.S.C. § 12132; 29 U.S.C. § 794(a); *Dillery v. City of Sandusky*, 398 F.3d 562, 567 (6th Cir. 2005); *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988). Here, Plaintiff has not alleged that he has a disability.[3] In addition, he has not alleged that Defendant Miami Jacobs is a public entity or that it is an entity that receives Federal financial assistance. Finally, he has not alleged that Defendants excluded him from the program because of a disability. Indeed, in his Complaint, he represents that he is "confused" as to why he was not admitted to the program. (Compl. ¶ 10, ECF No. 1-2.) Thus, Plaintiff's Complaint fails to state a viable claim under Title II of the ADA or Section 504 of the Rehabilitation Act.

Having found that Plaintiff has failed to sufficiently plead a claim arising under the federal laws or the Constitution such that there is no federal question jurisdiction, and that there is no basis for diversity of citizenship jurisdiction, the undersigned concludes that Plaintiff has failed to satisfy the basic pleading requirements set forth in Rule 8(a), namely the requirement

---

[3] The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual; (2) "a record of such an impairment"; or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(2). Plaintiff's makes no allegations suggesting that he meets this definition.

that Plaintiff set forth the grounds for the Court's jurisdiction.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted))

**IT IS SO ORDERED.**

Date: September 14, 2011                                          /s/ *Elizabeth A. Preston Deavers*
                                                                                Elizabeth A. Preston Deavers
                                                                                United States Magistrate Judge